## Macomb *vs.* Miller.

Where the owner of real estate, who died previous to the adoption of the re-
vised statutes, devised the same to his daughter and only heir, during
her life, and no longer, and after her death to her child or children if she
should have any, and to their heirs and assigns forever; and by a subse-
quent clause of his will declared his will to be that in case his daughter
should die and leave no lawful issue, his executors should sell his estate
and distribute the proceeds thereof among certain collateral relatives; and
the daughter of the testator afterwards married and had one child, who
died after the death of its father but in the lifetime of its mother; *Held*,
that the child of the daughter, upon its birth, became siezed of an absolute
remainder in fee in the property, subject to open and let in after born
children; and that the limitation over to the collateral relatives of the
testator was void, being limited upon an indefinite failure of issue of the
daughter.

And it being admitted that the daughter of the testator was physically in-
capable of having any other children ; *Held*, that she had become entitled
to an absolute estate in fee in the premises devised, by the merger of her
life estate, in the remainder in fee to which she was entitled as the heir at
law of her deceased child.

THIS was an amicable suit for the specific performance August 17.
of a contract for the purchase of lands.   And the bill was
filed for the sole purpose of obtaining a decision of the
court upon the question whether the complainant, under
the will of her father and by the death of her only child
without issue, was the owner in fee simple of certain premi-
ses in New-York ; being the undivided moiety of five lots
on Catharine-street, and of a house and lot on Cherry-
street.   The facts upon which the title of the complainant
to the premises in question depended, as stated in the bill
and admitted by the demurrer, were as follows ;

In 1798, Elijah Pell died seized of the premises in ques-
tion, and of other property in New-York, in fee ; leaving the
complainant, then about thirteen years of age, his only child
and heir.   By his will, which was executed in due form to
pass his real and personal estate, he bequeathed to the
complainant his furniture, bedding, and plate, and a pecu-
niary legacy of £3000 to be paid to her at eighteen or on

the day of her marriage; and devised to her a house and lot and some other property in fee. He also devised to her the use and rents of certain other real estate, including the premises in question, for and during her life, and no longer. And after her death he gave and devised such real estate unto her child or children, in case she should have any, and if more than one, to be equally divided between them share and share alike, to them, their heirs and assigns for ever in fee simple. The residue of his estate and his outstanding debts the executors were, by the will, directed to collect and convert into cash; and to invest the same in the stocks of certain specified banks, and to pay to the complainant the income thereof for and during her life, and no longer. And after her death he gave such stocks to her child, or children if more than one, to be equally divided between them share and share alike, and to their heirs and assigns forever. By a subsequent clause of the will the testator declared his will to be that in case his daughter, the complainant, *should die and leave no lawful issue*, his executors, or the survivor or survivors of them, should sell his real estate, and the bank stocks in which the personal estate should have been invested, and distribute the proceeds among certain collateral relatives of the testator specified in his will. The will also contained a residuary clause whereby the testator gave all the remainder of his estate, not before disposed of, to the children of his five sisters to be equally divided between them, with the exception of one child who was designated in the will.

The complainant, about eight years after the death of her father, married R. Macomb, by whom she had only one child, Julia Macomb, who was born in 1809 and died in 1831, intestate and without issue; and the husband of the complainant also died before his daughter previous to the filing of the bill in this cause. The complainant therefore had no issue living at that time. And the counsel for the defendant, upon the hearing of the cause upon bill and demurrer, agreed to admit that the complainant was then

about fifty-five years of age, and that it was *physically impossible* for her to have any other children after that time ; and that the bill should be amended accordingly, so as to contain an allegation to that effect.

*J. Blunt*, for the complainant.

*J. Smith*, for the defendant.

THE CHANCELLOR. The whole difficulty in sustaining the complainant's claim to an absolute estate in fee simple in the premises in question in this suit, arises from the executory limitation over of the proceeds of the testator's real estate to his collateral relatives, in case his daughter should die and leave no lawful issue. The previous clauses of the will gave to the complainant an estate for life in this portion of the testator's property, with remainder in fee to her children in case she should have any. And he left the estate to pass to the children of his sisters, after the termination of such life estate, under the residuary clause of the will, in case the complainant should happen to die unmarried or without having had any issue. The effect of the will, therefore, independent of the clause in question, or if the limitation over of the proceeds of the property contained in that clause is void by being too remote, in the events which have occurred, would be to vest the remainder in fee in the daughter of the complainant immediately upon the birth of that daughter in 1809, subject to open and let in any after born children as tenants in common in such remainder. (*Hannan* v. *Osborn*, 4 *Paige's Rep.* 336.) For a remainder is vested in interest, so as to be transmissible to the heirs or legal representatives of the remainderman, as soon as he is in esse and is ascertained as the person entitled to the remainder ; and who will have an immediate and absolute right to an estate in possession in the premises upon the termination of the precedent estate or estates. (5 *Paige's Rep.* 466.) If the limitation over in this case is void, therefore, as depending upon an indefinite

1841.

Macomb
v.
Miller.

failure of issue, the daughter of the complainant, upon her birth in 1809, became immediately entitled to an absolute vested interest in the remainder in fee simple ; subject, however, to open and let in after born children. And as it is now agreed and admitted by the parties that the birth of any other children has become physically impossible, it follows that the daughter of the complainant, at the time of her death in July 1831, was the absolute owner of the premises in question, subject only to the life estate of her mother therein. And as her father was then dead, that interest descended to her mother, as her only heir at law, under the provisions of the sixth section of the title of the revised statutes relative to the descent of real property. (1 *R. S.* 752.)

The construction of the clause of the will which limits the proceeds of the testator's estate over to his collateral relatives, in case his daughter should die and leave no lawful issue, must depend upon the law as it existed previous to the adoption of the revised statutes. For the testator died in 1798, and the statutory provision on this subject is not declaratory of the law as it previously existed, but is the adoption of a new rule for the government of future cases. (1 *R. S.* 724, § 22.) And upon a full examination of this case I have arrived at the conclusion, that there is nothing in this will to take it out of the technical rule of construction, which existed in this state and in England previous to the change made by the revised statutes, that a limitation over of real estate, in the event of the death of the previous taker without issue, or without leaving issue, meant an indefinite failure of issue and not a failure of issue at the time of the death of the first taker. The American as well as the English cases on this subject are collected and commented upon by Chancellor Kent with his usual ability, in his commentaries on American law, (4 *Kent's Com.* 271 ;) and it is not necessary, therefore, to refer to them here more particularly. He says, and such was unquestionably the law on the subject both here and in England in respect to limitations of interests in real

estate, previous to 1830, " If an executory devise be limited to take effect after a dying *without heirs*, or *without issue*, or *on failure of issue*, the limitation is held to be void, because the contingency is too remote, as it is not to take place until after an indefinite failure of issue." The decision of the court for the correction of errors in the case of *Patterson* v. *Ellis' executors*, (11 *Wend*. 259,) settled the question as to the construction of the words in a will, " *without leaving lawful issue*." And I see nothing in the devise in the present case which can possibly take it out of the operation of that decision, either as to the real or the personal estate of the testator. The complainant, therefore, has an absolute and indefeasible estate of inheritance in fee simple in the premises in question, by the union of the life estate, devised to her by the will of her father, with the remainder in fee to which she has become entitled as the heir at law of her daughter.

There being no substantial objection to the title, the complainant is entitled to a decree for the specific performance of the contract set forth in her bill and admitted by the answer. But under the circumstances of this case I shall not charge the defendant with costs.(*a*)

(*a*) Affirmed, on appeal to the court for the correction of errors, in December, 1841. (*See* 26 *Wendell's Reports*, 229.)