## TATOR *vs.* TATOR and NEW.

Where, by a will executed previous to the revised statutes, the testator devised a farm to his son C., and directed that if C. should " *die without heirs lawfully begotten,*" the same should go to the testator's sons, John, Jacob and George, in fee; *Held* that the executory devise was limited on an indefinite failure of issue, and was therefore void.

An indefinite failure of issue occurs when the issue or descendants of the first taker become extinct, without reference to any particular time or event. *Per* PARKER, J.

An executory devise is void when it is limited upon a contingency that will not necessarily occur within twenty-one years and nine months after a life or lives in being. It is not sufficient that the event *may* occur within the prescribed limit. It *must*, by its terms, happen within the time mentioned, or the executory devise will be inoperative.

It is only where the devise over, after the termination of a particular estate, is of a life estate only, or where some charge is made upon it, payable to some person in being, or his executors, that it will be regarded as explaining the words of limitation to mean a definite failure of issue. Where the entire estate is given to the executory devisee a different rule prevails.

It is a general rule that where lands are devised without words of perpetuity, and in consideration thereof the devisee is charged personally with the payment of money, he takes a fee by implication. And *it seems* this rule also prevails where, in addition to the personal charge, the legacy is made a lien upon the lands devised. *Per* PARKER, J.

It is only where there is no personal charge as a consideration for the devise, and the charge is excluisvely on the land, that the life estate is not enlarged into a fee. But a fee cannot be taken by implication, when the estate of the first taker is particularly described in the will to be otherwise.

THIS was an action of ejectment, tried before PARKER, late circuit judge, at the Columbia circuit, in March, 1846. The plea was the general issue. On the trial, the parties stipulated and agreed upon the following facts as evidence in the cause, to wit. That John G. Tator of the town of Ghent, in the county of Columbia, in his lifetime was seised in fee simple of the premises described in the declaration in this cause, and that in the month of October, 1827, he died so seised of the said premises. That previous to his death, and on the 15th of May,

1827, the said John G. Tator made, in due form of law to pass real estate, his last will and testament. The second item in said will was as follows: "*Second.* I give and devise unto my son Cornelius, and to his heirs and assigns forever, the farm on which he now resides, being part of the farm I purchased from John Philip and Wilhelmus Philip, situate in the town of Ghent, in the county of Columbia, as the same is now occupied and possessed by my said son Cornelius, on this condition, and it is my will and desire, and I do hereby order and direct that if my said son Cornelius shall die without heirs lawfully begotten that then and in such case the above farm or real estate hereby devised to my said son Cornelius shall be equally divided among my three sons, John, Jacob and George Henry, their heirs and assigns forever. And in consideration of the above devise to my said son Cornelius I do hereby order and direct that he, my said son Cornelius, do pay or cause to be paid unto my daughter Jane, the wife of Henry Jacobie, unto my daughter Maria, wife of Tunis Icebester, unto my daughter Ann Eliza, the wife of William P. Link, and unto my daughter Caty, the wife of John A. Kittle, the sum of one thousand three hundred and thirty-three dollars and thirty-three cents in the following manner that is to say, one year after my decease, two hundred thereof unto my daughter Jane the wife of Henry Jacobie, and two years after my decease, two hundred dollars thereof unto my said daughter Jane, and three years after my decease unto my daughter Maria, the wife of Tunis Icebester, the sum of two hundred dollars thereof. In four years after my decease, to my daughter Ann Eliza, the wife of William P. Link, and two hundred dollars thereof in five years after my decease unto my said daughter Ann Eliza, and two hundred dollars thereof in six years after my decease unto my daughter Caty, the wife of John A. Kittle, and one hundred and thirty-three dollars and thirty-three cents, in seven years after my decease, unto my said daughter Caty, making in the whole the sum of thirteen hundred and thirty-three dollars as aforesaid, which said sum is to be considered, and I do hereby make and create the

Tator *v.* Tator.

same a lien upon the farm or real estate devised to my said son Cornelius."

It was also admitted that the premises described in the declaration in this cause, were the same as those referred to and set forth in the above second item of the testator's will as being devised to his son Cornelius in manner as is therein particularly directed. That the said John Tator named in the second item of said will, was the plaintiff in this cause and one of the sons and devisees of the testator. That Cornelius Tator, also named in the second item of the said will, died on the 7th of June, 1845, without children and without ever having had any children. And that previous to his death, he made, in due form of law, his last will and testament devising the property in question, by a devise under which the defendants claimed. That the defendants were in the possession and occupancy of the premises described in the declaration in this cause, and claimed the right to the possession of the whole of said premises. That the defendant Sally Tator was the widow of the said Cornelius Tator ; and that the defendant New went into the possession of the premises under the said Cornelius, as his tenant, in his lifetime. That Cornelius was in the possession and occupancy of the premises at the time of the making of the last will and testament of his father, and at the time of the decease of the testator, and continued in the possession and enjoyment thereof, until his own death. That he, in his lifetime, fully paid the legacies directed by the will to be paid by him, as they severally became due, and in the manner therein directed. And that the said Cornelius died leaving his mother Maria Tator him surviving; and that she was living at the time of the trial.

Upon the facts thus admitted, the plaintiff insisted that by the terms and express provisions of the will of John G. Tator the plaintiff was entitled to recover the one equal undivided third part of the premises described in the declaration, in fee. That the estate of Cornelius, in the farm, in the event which had happened, viz : his death without having, or ever having had, children, was a mere life estate ; and that upon his death, the said farm vested immediately in John, Jacob, and George

Henry in fee.   That the devise over to the surviving brothers, John, Jacob and George Henry was valid as an executory devise ;   and on the decease of Cornelius, without sons and daughters, the estate in his farm, whatever may have been its nature, terminated, and the farm passed under the will to the said John, Jacob and George Henry in fee.   That Cornelius never took a fee in the premises, nor did he, during his life, take a base, qualified or determinable fee, but simply an interest determinable by his death without issue.   That during the life of Cornelius, his brothers, John, Jacob, and George Henry had a present estate, interest, or right in the farm, to take effect *in futuro.* That the legacies being charged and made a lien upon the estate, and it being the manifest intention of the testator that they should be paid by Cornelius as and when enough had been received out of the estate, and out of the rents and profits thereof, did not enlarge the devise to Cornelius into a fee. That a fee could never be raised by implication from the payment of debts and legacies, when there were express directions and limitations contained in the will to the contrary.   That the distinct and explicit language in the will, ordering and directing, if Cornelius should die without heirs lawfully begotten, that then and in such case the farm should be equally divided between the testator's three sons, John, Jacob and George Henry, their heirs and assigns forever, destroyed every idea of a fee by implication derived from the payment of the legacies.

The defendants' counsel insisted and claimed that the devise to Cornelius Tator, of the premises in question, would, previous to the statute abolishing entails, have given to him an estate tail ; and that by the statute of 1786, which was the law of this state when the devise took effect, the same was turned into an estate in fee simple absolute.   That Cornelius Tator, under the will of his father, took an estate in fee simple absolute in the premises ; and that the same went to his devisees, and not to the plaintiff and his brothers, Jacob and George Henry.   That the limitation over to the plaintiff and his brothers Jacob and George Henry, in the devise to Cornelius, was

too remote, being on an indefinite failure of issue, and was therefore not good as an executory devise. That the plaintiff took no interest in the premises, under the will, so as to entitle him to recover in this suit. That Cornelius Tator being charged with the payment of legacies in respect to the lands devised to him, this, of itself, would give to him a fee by implication, even if there were not words of inheritance in the devise; and especially as he had paid the legacies. That the plaintiff had not shown any title in himself, to the premises described in the declaration, nor any right to the possession of the same, or any part thereof. And the defendants' counsel moved for a nonsuit for the several reasons above stated. But the circuit judge denied the motion; and the defendants' counsel excepted. The circuit judge then directed a verdict to be given for the plaintiff, subject to the opinion of the court, on a case to be made; and the jury found a verdict accordingly.

*G. W. Bulkley & H. Hogeboom,* for the plaintiff.

*J. C. Newkirk,* for the defendant.

*By the Court,* PARKER, J. The legal rights of the parties to this suit depend upon the construction to be given to the second item of the will of John G. Tator deceased. The plaintiff relies upon the executory devise to himself and his brothers, Jacob and George Henry. The defendant contends, 1st. That the executory devise is void, because it was too remote, being limited on an indefinite failure of issue; and 2dly. That Cornelius Tator took a fee by implication, by reason of his being charged with the payment of legacies.

I. This will having taken effect in the year 1827, we are to apply the law as it existed before the adoption of the revised statutes. In construing wills we are bound to give effect, if practicable, to the intention of the testator; but there are some words and phrases frequently employed in such instruments, to which a fixed and certain legal interpretation has been given, that does not accord with their popular acceptation. It is to

Tator *v.* Tator.

be supposed, however, that the will was drawn with reference to the law as settled by the courts previous to its execution. In the will before us, it was provided that if Cornelius *should die without heirs lawfully begotten*, the farm in question should go to John, Jacob and George Henry, their heirs and assigns forever. This limitation would be ordinarily understood as meaning without heirs living at the death of Cornelius; yet it is well settled that the words used, import an indefinite failure of issue. Such is the legal construction invariably placed upon this and similar expressions, as "dying without heirs," "dying without issue," "leaving no lawful issue," &c. (4 *Kent's Com.* 273, *and cases there cited. Ellis* v. *Ellis,* 9 *East,* 382. *Patterson* v. *Ellis,* 11 *Wend.* 259. *Revisers' Notes,* 3 *R. S. 2d ed.* 568. *Miller* v. *McComb,* 9 *Paige,* 265. 26 *Wend.* 236.) These words, under the English decisions, would have created an estate in fee tail; but by the act of 23d February, 1786, it became a fee simple absolute.

If the executory devise had been limited on the first taker's dying without issue living at the time of his death, it would have been a definite failure of issue. An indefinite failure of issue occurs when the issue or descendants of the first taker become extinct, without reference. to any particular time or event. It may happen within one month after the death of the first taker, and it may not happen for generations.

An executory devise is void when it is limited upon a contingency that will not necessarily occur within twenty-one years and nine months after a life or lives in being. (4 *Kent's Com.* 271.) It is not sufficient that the event *may* occur within the prescribed limit. (*Patterson* v. *Ellis,* 11 *Wend.* 359.) It *must,* by its terms, happen within the time mentioned, or the executory devise will be inoperative.

Notwithstanding the general and well settled rule, that the words " without heirs lawfully begotten " import an indefinite failure of issue, it sometimes happens that there are other expressions in the will showing that the testator intended otherwise. In this case the plaintiff's counsel contends that the testator must have contemplated a definite failure of issue, be-

cause the devise over is limited to persons in being. No authority can be found among all the numerous cases on this subject, to sustain such a position, though in almost every case the devise over is to persons in being. It is only where the devise over is of *a life estate only*, or where some charge is made upon it, payable to some person in being or his executors, that it will be regarded as explaining the words of limitation *to* mean a definite failure of issue. (*Roe* v. *Jeffery*, 7 *Term Rep.* 592.) A different rule applies where the entire estate, as in this case, is given to the executory devisee. (*Barlow* v. *Salter*, 17 *Vesey*, 479.) Nor do the words " then and in such case," aid in support of the plaintiff's construction. (*See Doe* v. *Ellis*, 9 *East*, 385.)

There is a great variety of cases in which the fixed legal construction belonging to the words of limitation has been controlled by other language, or other provisions, in the will. (*Moffat* v. *Strong*, 10 *John. Rep.* 16. *Fosdick* v. *Cornell*, 1 *Id.* 440. *Jackson* v. *Blanshard*, 3 *Id.* 292. *Jackson* v. *Staats*, 11 *Id.* 337. *Anderson* v. *Jackson*, 16 *Id.* 382, *Wickes* v. *Lyon*, 2 *Cowen*, 333. *Patterson* v. *Ellis*, 11 *Wend.* 292. *Jackson* v. *Bellinger*, 18 *John.* 368. *Miller* v. *Macomber*, 9 *Paige*, 265. 26 *Wend.* 236. *Hill* v. *Hill, ante, p.* 419.) But there are none available to the defendant, under the will in question. There is nothing in this will to show that the words of limitation are used in any other than their acknowledged legal sense. I think, therefore, the executory devise under which the plaintiff claims, is limited on an indefinite failure of issue, and is void.

II. But I do not think Cornelius Tator took a fee by implication, upon the ground that he was charged with the payment of legacies. The general rule undoubtedly is, that where lands are devised without words of perpetuity, and in consideration thereof, the devisee is charged personally with the payment of money, he takes a fee by implication. (*Harvey* v. *Olmsted*, 1 *Comstock*, 483, *and cases there cited*.) And I think such is also the rule, where in addition to the personal charge, the legacy is made, as in this case, a lien on the lands devised.

(*Jackson* v. *Bull,* 10 *John Rep.* 148. *Spraker* v. *VanAlstyne,* 18 *Wend.* 205. *Barheyt* v. *Barheyt,* 20 *Id.* 581.) It is only where there is no personal charge as a consideration for the devise, and the charge is exclusively on the land, that the life estate is not enlarged into a fee. ⸘But a fee cannot be taken by implication, when the estate is particularly described in the will to be otherwise.⸘ (*Tanner* v. *Livingston,* 12 *Wend.* 83. *Fox* v. *Phelps,* 17 *Id.* 393, 400.) And whatever construction is given to the devise, upon the first point, I think there is nothing in this devise left to implication. The estate of the first taker is fully and particularly described. It is either a life estate, if he die without issue living at the time of his death, and the proof shows that he left no issue him surviving ; or it is a fee, as I have above shown.

But upon the first point I think the defence complete, and the defendant is therefore entitled to judgment.

Judgment for defendant.

---

OTSEGO GENERAL TERM, November, 1848. *Shankland, H. Gray, Mason, and Morehouse,* Justices.