In re CENTRAL TRUST CO.

(Supreme Court, Appellate Division, First Department. February 23, 1900.)

WILLS—CONSTRUCTION—RIGHT TO DEVISE.

 Testator devised his residuary estate to executors in trust, the income to be paid to his wife for life, and at her death to his children for their lives, and on the death of each child one-seventh part of the estate to "his or her heirs, executors, administrators, and assigns." *Held*, that the fee passed to the heirs at law of the children, and not to the children themselves, and hence the children could not dispose of their interest in the estate by will.

Appeal from surrogate's court, New York county.

Judicial accounting of the Central Trust Company as substituted trustee of the estate of John W. Southack, deceased, in which an application for the construction of the will was made. From a surrogate's decree construing the will (59 N. Y. Supp. 696), Eugene Southack and another appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

D. Willcox, for appellants.

M. H. Cardozo, for respondent Southack.

John Notman, for respondent Central Trust Co.

Wm. G. Wilson, special guardian, for respondent infants.

PATTERSON, J. The Central Trust Company of New York, as substituted trustee under the last will and testament of John W. Southack, deceased, presented its petition to the surrogate of New York, praying that its account be judicially settled; that citations issue to those named in the petition as interested in the trust property, and that distribution be made of the funds in its hands as trustee in accordance with the provisions of the will of the testator. It appeared by the petition that a doubt existed as to who were then entitled to the income of a one-seventh share of the trust property, and that it became necessary for the surrogate to construe certain provisions of the will before distribution of such income of that one-seventh share could be made. The petitioner also prayed that such judicial construction be given. The question submitted to and decided by the surrogate arose upon the peculiar phraseology of the will of the testator respecting a gift over, after the expiration of a trust estate, in one-seventh of his residuary estate, of which his daughter Maria L. Southack was the beneficiary during her lifetime. While the dispute relates directly to that share, the rule of construction applicable to it will, as the question is presented, apply to all the other shares, for they all come under the same testamentary disposition. The real subject of contest is the nature and extent of the legal interest acquired by each of the children of the testator under the terms of his will. The testator died in January, 1882, leaving him surviving a widow and seven children. His will was duly admitted to probate in February, 1882. By that will he gave to his wife a legacy of specific personal property, and he then gave, devised, and be-

queathed all of his residuary estate to his executors in trust, with certain provisions concerning administration not material to the decision of this appeal. He also directed that out of the income of the trust estate an annuity should be paid to his sister during her life, and he gave all the residue of the net income (including, after the death of his sister, the annuity provided for her) to be paid in quarterly payments to his wife during her natural life or widowhood, and if, on the death or remarriage of his wife, his seven children (naming them) should be living, all of the net income of the estate (including, after the death of his sister, the annuity secured to her) was to be divided into seven equal parts or shares, one of such shares of income to be paid by his executors to each of his children "during the terms of their respective lives," with a provision for accumulation as to the income of his infant son. In connection with this gift, the clause occurs upon which the controversy herein arises, namely: "And, upon the death of each of my said children, I give, devise, and bequeath one-seventh part of all my estate to his or her heirs, executors, administrators, and assigns, forever." The testator then proceeds by the next clause of his will to provide that, if any of his children shall have died leaving any lawful issue, then, upon the death or remarriage of his widow, the net income of the estate shall be equally divided among, and paid by, his executors, in the manner above stated, to such of his children as might then be living, "during their respective lives, and, upon the death of each of my said children, I give, devise, and bequeath the proportionate part of my estate, the income of which he or she shall have received while living, to his or her heirs, executors, administrators, and assigns, forever." By the next clause of the will, the testator provides that if, upon the death or remarriage of his wife, any of his children shall be deceased, leaving lawful issue, the issue of such child then deceased shall take one-seventh part of his estate "in fee simple and absolute property, and the net income of all the residue of the estate shall be equally divided among and paid by the executors in the manner above stated to such of my children as may then be living, during their respective lives, and, upon the death of each of such children, I give, devise, and bequeath the proportionate part of my estate or income, of which he or she shall receive while living, to his or her heirs, executors, administrators, and assigns, forever." The widow of the testator also died in the year 1882, and the seven children of the testator survived both their father and mother. Maria L. Southack, one of the testator's daughters, died in January, 1898, unmarried, but she left a last will and testament, which was duly admitted to probate in the surrogate's court of the county of New York. In and by such will she made the following provision: "I give, devise, and bequeath all the rest, residue, and remainder of my estate, real and personal, of every kind and description, and wheresoever situated, to my sister Sarah Antoinette Southack, and my brother Eugene Southack, to be equally divided between them, and to their respective heirs, executors, administrators, and assigns, forever," with a clause as to survivorship. On the accounting of the present petitioner before the surrogate, Sarah Antoinette Southack and Eugene Southack claimed to be entitled to the

one-seventh part of the estate held by the substituted trustee for the benefit of Maria L. Southack during her life, such claim being founded on the contention "that, according to the true intent and construction of the last will and testament of John W. Southack, deceased, one-seventh part or portion of the residuary estate of the said John W. Southack, deceased, vested in, and belonged to, said Maria Louisa Southack, deceased, daughter of said John W. Southack, deceased, in fee simple and absolute, or that she had the right to the income thereof during her life, and in and by said will an absolute power or disposition of the corpus thereof by grant or devise"; as a consequence of which it was claimed that the devisees and legatees of Maria Louisa Southack were each entitled to one-half of the one-seventh portion of the estate of John W. Southack, the income of which was received by the said Maria Louisa Southack under the will of her father during her lifetime. The surrogate construed the will adversely to the contention of the devisees and legatees of Maria L. Southack, and by final decree, after adjusting and settling the account of the substituted trustee, held, upon the question of the construction of the will, that Maria L. Southack had no right or power of disposition, by will or otherwise, of the one-seventh of the estate of which she received the income during her life, and that upon her death the principal of the share went to the surviving children of the testator, John W. Southack, and the children of any deceased child of the testator, per stirpes and in equal shares.

We concur with the surrogate in the construction he has given to the provisions now under consideration of this will. The words, "heirs, executors, administrators, and assigns," add nothing to the provision made for the testator's children, either by way of enlargement of the gift or as bestowing upon them a power of disposition of the corpus of the respective shares from which they derived income. The scheme of the will is plain. It was manifestly the intention of the testator to make provision for his wife during her life, then to have the whole of his residuary estate divided into shares, the income of one of such shares to be paid to a child during life, and a gift over of each share to those who should stand in the relationship of heirs of that child at his or her death. It is admitted that if the words, "executors, administrators, and assigns," were not used in this connection, there would be a direct gift over of the remainder of each share to the heirs of the child who enjoyed the income of that share during his or her life. The words superadded to the word "heirs" must be considered and construed together. One of those superadded words cannot be accepted and the others rejected. They must all be given effect to or none. If effect can be given to them all, it should be done. They cannot be construed in the manner claimed by the devisees and legatees of Maria L. Southack, without destroying the whole scheme of the will, for such a construction is repugnant to that scheme. The word "assigns" is relied upon as indicating the purpose of the testator to give to each of the testator's children the authority to grant or transfer one-seventh of the residuary estate, but it is perfectly plain that no such intention existed. There was a trust title created which effectually prevents such an interpretation. The

whole estate is in the trustees for the purposes of the trust. The testator's children took no estate, but merely the right to enforce the trust in equity. The very purpose of the interposition of the trust title was to prevent an estate vesting in the children. They could not take a fee in the respective shares, nor dispose of those shares so as to give title to a purchaser, for their life interests were inalienable. Therefore the word "assigns" cannot be regarded as affecting the nature or quality of the gifts to the children, and it must be either disregarded or given effect to in connection with the word "heirs," in the manner in which the surrogate has construed it. Nor is there anything in this will which, under the statute of powers, qualifies or enlarges the gift to the children. We do not find in it any absolute power of disposition given either to the owner of a particular estate or to persons to whom no particular estate is limited, nor do we find any general or beneficial power to devise the inheritance given to a tenant for life or for years, nor any power of disposition by means of which the children are enabled in their lifetime to dispose of the fee of their shares for their own benefit. But we do find that the trust title stands as a barrier to any construction which would authorize the enlargement of the interest given to the children to an estate in fee.

The construction which leads to the rejection of the word "assigns," as directly related to the nature of the gift to the children, also leads to the rejection of the words "executors and administrators," as giving to the children a power of disposition by will; for it is obvious that the words, "executors, administrators, and assigns" must be regarded collectively, and refer to the executors, administrators, and assigns of the same persons. The testator could not have meant that there should be a gift to the assigns of one person and to the executors and administrators of another. Nor could he have meant that there should be a separation of the personal property from the real estate on the death of each child, for they are blended in the same trust. The reasonable and proper interpretation is that given by the surrogate, namely, that, on the death of each child, there was a gift over of the share from which that child derived income to his or her heirs, and their executors, administrators, and assigns. The future estates are in the heirs of each child. There is no authority given to the testator's children to devise or bequeath the corpus of a one-seventh share, nor is there any power of appointment of that share given.

The conclusion of the surrogate that it was the intention of the testator to make the gift over to the heirs of each child, and their executors, administrators, and assigns, is not arbitrary, but is only in furtherance of what we are convinced was the clear intention of the testator. The same course was pursued in the case of Moak v. Moak, 8 App. Div. 197, 40 N. Y. Supp. 438. It is true, it was under somewhat different circumstances, but the scheme of this will being ascertained, and the object of the testator being clearly to limit the interests of his children in the manner above indicated, the words, "executors, administrators, and assigns," must either be absolutely ignored and held to be meaningless, or must be associated with a gift over to the heirs of the children, so as to constitute a remainder in fee of

the real estate and absolute ownership of the personal property of one share in the heirs of each child.

The decree of the surrogate should therefore be affirmed, with costs. All concur.