STACK v. LEBERMAN.  (No. 7567.)

(Supreme Court, Appellate Division, First Department.  July 9, 1915.)

1. WILLS ⬡═506—CONSTRUCTION—GIFT OVER TO "HEIRS."
    Where testatrix's will gave her property in trust to pay the income to her daughter for life, and to give and grant to the heirs of such daughter upon her death the remainder of the estate, upon the death of such daughter intestate the property passed to her half sister, the daughter of her father by his first wife, testatrix's predecessor, since the word "heirs," when used in a will or other legal instrument, is to be understood in its legal sense, unless it appears from other parts of the instrument that it was used in the more restricted sense of children, heirs of the body, or lineal descendants, while Decedent Estate Law (Consol. Laws, c. 13) § 90, provides that relatives of the half blood shall inherit equally with those of the whole blood.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1090–1099; Dec. Dig. ⬡═506.

    For other definitions, see Words and Phrases, First and Second Series, Heirs.]

2. WILLS ⬡═506—CONSTRUCTION—RELATIVES OF THE HALF BLOOD—STATUTE.
    Decedent Estate Law (Consol. Laws, c. 13) § 90, providing that relatives of the half blood and their descendants shall inherit equally with those of the whole blood and their descendants in the same degree, unless the inheritance came to the intestate from an ancestor, did not preclude the half-sister of testatrix's daughter, receiving the income of property for life under her mother's will, from taking as such daughter's heir upon her death intestate, under the provision of the will that ·the income should be paid to the daughter for life, and upon her death to her heirs, since the half-sister did not claim by descent from the daughter, but directly from the mother under the devise in the latter's will; the statute merely serving to define who were the heirs of the daughter, to determine the class of persons answering the description, and so entitled to take under the will.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1090–1099; Dec. Dig. ⬡═506.]

Submission of controversy between James Stack and Jacob Leberman.  Judgment for plaintiff.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Alonzo G. McLaughlin, of Brooklyn, for plaintiff.
Walter E. Warner, of Brooklyn, for defendant.

DOWLING, J.  Mary Gannon died on or about September 5, 1904, seised and possessed of certain real property then situate in the county of New York (now in the county of Bronx) known as No. 566 East 149th street, New York City, which had been conveyed to her by Patrick Gannon, her husband, by deed dated January 27, 1896, the consideration therefor being $1 and other valuable considerations.  She left a last will and testament dated August 18, 1903, duly admitted to probate by the Surrogate's Court, New York County, March 25, 1908, whereby after directing the payment of her debts and funeral expenses, she gave, devised, and bequeathed, all the rest, residue, and remainder

of her estate to her executors and trustees thereafter named, or survivor, in trust:

"First. To give to my stepdaughter Katie five hundred dollars. Second. To give to my sister Ellen two hundred dollars. Third. To give to my beloved daughter Theresa during her life the net income of my estate and her receipt shall be a full acquittance. Fourth. To give and grant to the heirs of my beloved daughter Theresa upon her death the rest, residue and remainder of my estate."

Letters testamentary were issued to the executors named in the will, both of whom have since died, and no one has been appointed to act in their place and stead. Her daughter was Theresa Stack, who was her only heir and next of kin. Theresa Stack died intestate November 25, 1904, leaving no child or a descendant of any child, no parent, no brother or sister of the whole or half blood, nor any descendant thereof, save Catherine Gannon Holweg, her half-sister, who was the daughter of Patrick Gannon by his first wife.

[1] On or about November 30, 1904, the said Catherine Gannon Holweg sold and transferred to the plaintiff herein an undivided one-half interest in and to the said real property by an agreement duly recorded in the register's office of the county of New York. On February 5, 1915, the plaintiff and defendant herein entered into a contract in writing for the purchase of the said undivided one-half interest in and to the said real property, which contract the defendant has refused to perform on the ground that plaintiff was not the owner of said undivided one-half interest, because Catherine Gannon Holweg, the half-sister of Theresa Stack, did not take any title whatever to the said real property under the provisions of paragraph 4 of the will of Mary Gannon, and was not the heir of Theresa Stack within the meaning of said will, but that, on the contrary, the said real property under the provisions of said paragraph 4 of the will passed to the brothers, sister, nephews, and nieces of Mary Gannon. I believe that the defendant is in error in this construction of the law. The most reasonable construction to place upon the word "heirs" as used in the fourth paragraph of testatrix's will is that class of persons who would be entitled to inherit from Theresa Stack according to the laws of descent, if she died intestate. Any other construction would be a forced one, which would result in holding that the testatrix had died intestate as to a portion of her estate, which is directly opposed to the clear intention of her will. "The law favors the construction which will prevent partial intestacy." Schult v. Moll, 132 N. Y. 122, 30 N. E. 377. "There is always a presumption that the testator did not contemplate intestacy, and a construction that will result in even partial intestacy is not to be adopted, if a different construction is permissible." Simpson v. Trust Co. of America, 129 App. Div. 205, 113 N. Y. Supp. 370. The controlling authority upon this proposition is Johnson v. Brasington, 156 N. Y. 181, 50 N. E. 859, where the court said:

"The word 'heirs,' when used in a will or other legal instrument, is to be understood in its primary or legal sense, unless it appears from other parts of the instrument that it was used in the more restricted sense of children, heirs of the body, or lineal descendants. When, in construing a devise of a remainder in fee to the 'children or heirs' of the life tenant, being the testator's

only child, the meaning to be given to the word 'heirs' is doubtful, but the will discloses a clear intention to dispose of the whole estate, and if the word 'heirs' is construed in its restricted sense· of lineal descendants intestacy will result as to the remainder, whereas it will be avoided by construing the word in its primary or legal sense, the latter construction will prevail, even though it carries a share in the property to relatives of the life tenant on the mother's side, to the exclusion of relatives of the testator's own blood."

[2] Conceding that the heirs of Theresa Stack would take from the testatrix by purchase, and not by descent or inheritance, the defendant still claims that Catherine Gannon Holweg, being a half-sister, cannot take any interest in the property in question because of the provisions of section 90 of the Decedent Estate Law, reading as follows:

"Sec. 90. Relatives of the half blood and their descendants shall inherit equally with those of the whole blood and their descendants, in the same degree, unless the inheritance came to the intestate by descent, devise or gift from an ancestor; in which case all those who are not of the blood of such ancestor shall be excluded from such inheritance."

Defendant claims that, because the property in question was real estate which came to Mrs. Stack from her mother (Mrs. Gannon), Mrs. Holweg, not being of that mother's blood, cannot inherit. But in this contention the fact is overlooked that Mrs. Holweg does not claim by descent from Theresa Stack, but directly from Mary Gannon by virtue of the provisions and devises in the latter's will. The statute defining who are the heirs of Theresa Stack is only resorted to for the purpose of determining the class of persons answering that description, and not to confer the right by descent, under which Mrs. Holweg claims nothing, but claims solely through the will. As we said in Farmers' Loan & Trust Co. v. Polk, 166 App. Div. 43, 151 N. Y. Supp. 618:

"I am of opinion, however, that those provisions of the statute [referring to section 90 of the Decedent Estate Law] have no bearing on the question presented for decision, because the remainder was never vested in James K. Polk, and was not inherited from him as intestate property, but came from the settlor of the trust, who conveyed it directly to the 'lawful kindred' of his nephew, James K. Polk. In determining who answer the description 'kindred' and 'lawful kindred' of James K. Polk, we look to our statutes, in the light of the facts, to see who would be the kindred of James K. Polk, or, in other words, to see who of his kindred would have been his next of kin and entitled to take his personalty on distribution, and his heirs at law and entitled to inherit his realty, for it is fairly to be inferred that they are the respective classes designated by the settlor as 'kindred' and 'lawful kindred.'"

See Lawton v. Corlies, 127 N. Y. 101, 27 N. E. 847; Woodward v. James, 115 N. Y. 346, 22 N. E. 150; Griswold v. Sawyer, 125 N. Y. 411, 26 N. E. 464; Keteltas v. Keteltas, 72 N. Y. 312, 28 Am. Rep. 155.

"But we do not consider the statute on the erroneous assumption that the realty is to be inherited by the remainderman from the life tenant, and that it came to him from an ancestor, which would require us to consider whether the statute by which all not of the blood of the ancestor are excluded from inheriting is applicable. If the settlor intended to confine the remainder of the realty to those who would have taken if he had given or devised it to James K. Polk, or if it had come to the latter by descent from him, some indication of such intention might reasonably be expected to be found in the deed of trust, but there is none. The words used in the deed of trust only indicate an intention that, if James K. Polk saw fit not to exercise the power of appointment, the remainder would go to whoever would have

taken it, if it were owned by the life tenant, without regard to how or from whom he acquired it."

So, in the case at bar, Mary Gannon fixed and determined the right to the remainder of her estate by giving it to such person or persons as would answer the description of the heirs of her daughter Theresa, upon the latter's death, and to that description the statute of descent determines that Mrs. Holweg alone answers.

It follows, therefore, that the question submitted to the court, "Is Catherine Gannon Holweg, the half-sister of Theresa Stack, her heir within the meaning of the fourth paragraph of the will of Mary Gannon?" must be answered in the affirmative, and judgment directed in favor of the plaintiff against the defendant, directing the latter to perform his agreement to purchase the undivided one-half interest of Mrs. Holweg in and to the property in question, heretofore transferred to the plaintiff. Settle order on notice. All concur.