LOUISE WHITE THORNTON, Appellant, v. ALICE WHITE and Others, Respondents.

Third Department, March 5, 1919.

Real Property Law — deed transferring property during lives of grantee and his grandson and upon death of latter " to his heirs upon his father's side " construed — vesting of estate in children of grandson.

Where land was deeded to the grantee for and during the term of his natural life and at his death to his grandson for and during his natural life and at his death " to his heirs upon his father's side," and the grandson died leaving children, said children are the " heirs upon his father's side," and, under section 54 of the Real Property Law, the estate vested in them upon the death of their father and not in his sister.

APPEAL by the plaintiff, Louise White Thornton, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Tioga on the 3d day of August, 1918, upon the decision of the court dismissing the complaint after a trial at the Tioga Special Term.

*Charles P. Wortman* [*Patrick J. Tierney* of counsel], for the appellant.

*A. J. Buck,* for the respondents.

WOODWARD, J.:

The only question involved in this appeal is the correct construction of a certain deed, made on the 19th day of May, 1894, " between Philomela R. Tallmadge of Trempealeau, Wis., of the first part, and Charles B. White, for and during the term of his natural life and at his death to his grandson Harry E. White for and during his natural life and at his death to his heirs upon his father's side, of the second part, Witnesseth, that the said party of the first part, in consideration of Twenty-eight hundred dollars, lawful money of the United States, paid by the parties of the second part, does hereby grant and release unto the said parties of the second part, their heirs and assigns forever," followed by the description of the premises and covenants for quiet enjoyment. The most obvious thing about the language used is that it is language of purchase; the property is deeded to two persons for life, and to the heirs of the second of such persons upon his death. There is no question that both of these persons were in being at the time the deed was made and delivered, so that there is no conflict with the provisions of sections 43 and 44 of the Real Property Law (Consol. Laws, chap. 50; Laws of 1909, chap. 52), and section 54 of the same act provides that " Where a remainder shall be limited to the heirs, or heirs of the body, of a person to whom a life estate in the same premises is given, the persons who, on the termination of the life estate, are the heirs, or heirs of the body, of such tenant for life, shall take as purchasers, by virtue of the remainder so limited to them." (See, also, 1 R. S. 723, § 17; Id. 724, § 18; Id. 725, § 28; Real Prop. Law [Gen. Laws, chap. 46; Laws of 1896, chap. 547], §§ 33, 34, 44.) This was the law when this deed was made, and while the rule in *Shelley's Case* (1 Coke, 88f), is supposed to have been abrogated by this provision of the statutes, learning relating to that ancient rule is not very important at this time, and it cannot serve to modify the positive provisions of the law.

The plaintiff in this action is the sister of Harry E. White, the second life tenant, and it is her contention that she is the heir upon his father's side, and that the estate vested in her at the death of Harry E. White. Harry E. White died leaving children, defendants in this action, and there can be no doubt that these children are the "heirs upon his father's side." The plaintiff is not an heir at all, and it is the heirs that were to and did take under the provisions of this deed; and the words "upon his father's side," if in the way, might be treated as surplusage. "I would wish all readers that expound statutes to do as scholars are willed to do," says Lord Bacon, in his Reading on the Statute of Uses, p. 334; "that is first to seek out the principal verb; that is, to note and single out the material words whereupon the statute is framed; for there are in every statute certain words, which are as veins where the life and blood of the statute cometh, and where all doubts do arise, and the rest are *literae mortuae*, fulfilling words." If we follow this rule in the construction of this deed we shall find that the word "heirs" is the material word, and that it refers "at his death to his heirs upon his father's side," which clearly excludes the idea that the title to the property vested in any one other than the heirs of Harry E. White, upon his death. The enjoyment of the fee was postponed to the death of the second life tenant, and upon such death it went to those who answered the description at that time. The children of Harry E. White were clearly his heirs, and they were heirs upon his father's side; they belonged to the White family, and this was clearly the expressed purpose of the deed.

The judgment appealed from should be affirmed, with costs.

Judgment unanimously affirmed, with costs.