EMMA M. STOCK and Others, Plaintiffs, *v.* WILLIAM DUNHAM MANN and Others, Defendants.

Supreme Court, Rensselaer County, March 29, 1927.

Deeds — construction — deed construed to create life estate with remainder to heirs at law of life tenant as purchasers, under Real Property Law, § 54 — partition — maternal and paternal cousins of life tenant proper parties — complaint sufficient.

A deed by a husband and wife to their daughter stated the consideration to be " love and affection for their said daughter and the sum of two dollars." After the usual granting clause the deed provided " and this deed or conveyance is only intended to convey to the said Sarah A. Kimball said premises during her natural life and after her death to revert to her heirs-at-law." Sarah A. Kimball died intestate, leaving no descendants except maternal and paternal cousins.

The only reasonable construction of the deed is that it creates a life estate with remainder over to the heirs at law of the life tenant, and these heirs at law, under section 54 of the Real Property Law, take as purchasers. They take directly from the grantor, their identity to be determined upon the death of the life tenant, and all of the heirs at law of the life tenant, who answer that description, are in the class intended to take the property.

The maternal and paternal cousins of the life tenant are proper parties in an action for partition and the complaint therein states a cause of action.

MOTION to dismiss complaint in partition on ground of insufficiency.

*George H. Witbeck,* for the plaintiffs.

*C. Raymond Burton,* for the defendant Alvina K. Burton.

*J. F. Lucey,* guardian *ad litem.*

*A. Page Smith,* for the defendants William Dunham Mann and others.

*Taylor & Taylor,* for the defendant William A. Lansing, individually and as executor, etc., of Mary Lansing, deceased.

*John F. & William H. Murray,* for William H. Murray, guardian *ad litem.*

RUSSELL, J. This action is brought for the partition of real property, described in the amended complaint, and known as Nos. 20, 22 and 24 Green street in the city of Albany, N. Y.

A motion has been made by some of the defendants to dismiss the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action and for a cancellation of the *lis pendens* filed.

The complaint contains all of the essential allegations of a complaint for partition of real property.

For the purpose of this motion the facts stated in the complaint must be deemed to be true.

It appears that the real property in question was purchased by Stephen Kimball in 1869; that he and his wife conveyed said real property by warranty deed, which is set forth in the complaint in full, to Sarah A. Kimball, his daughter, on April 16, 1883. It is over the construction of this deed that the principal questions in the case arise.

The consideration for the transfer, as recited in the deed, is " love and affection for their said daughter and the sum of two dollars." After the usual granting clause and a description of the property conveyed, said deed contains this language: " and this deed or conveyance is only intended to convey to the said Sarah A. Kimball said premises during her natural life and after her death to revert to her heirs-at-law." Sarah A. Kimball died intestate on the 9th day of September, 1922. She left her surviving no descendants, no father or mother, no brothers or sisters, or descendants of brothers or sisters, no uncles or aunts, but numerous cousins on both the paternal and maternal side. All of these cousins of whatever degree are parties to this action, either plaintiffs or defendants. The plaintiffs are the maternal cousins and the defendants are both the maternal and paternal cousins. The persons made parties to the action as such then are the heirs at law of Sarah A. Kimball and entitled to share in the proceeds of sale in this action unless it be determined that this real property came to her by descent, gift or devise and she was vested with the title thereto at her death, in which case the heirs at law entitled to inherit would be confined to the side from which the property came. (Decedent Estate Law, § 80, subd. 2; § 81, subd. 4; § 86; § 92, since amd. by Laws of 1923, chap. 234, and Laws of 1925, chap. 606.)

The defendants, the paternal heirs of Sarah A. Kimball, claim that by the conveyance referred to and because of the nominal consideration of two dollars and love and affection, she received this property from her father as a gift and that the title thereto vested in her in fee simple absolute and that the grantee having died intestate the real property descended to her heirs at law on her father's side only. They further contend that if this proposition is not sound, and it is held that under the provisions of this deed Sarah A. Kimball took only a life estate, her father, the grantor, who was her heir apparent at the time the deed was executed and delivered, became vested with the fee, subject only

to the life estate of the daughter. Therefore, upon the termination of the life estate the heirs at law of the father became entitled to the property.

The heirs at law of the life tenant on the mother's side contest both of these positions and claim that under the deed all the heirs on both sides take as purchasers and rely upon the provisions of section 54 of the Real Property Law which reads as follows: " Where a remainder shall be limited to the heirs, or heirs of the body, of a person to whom a life estate in the same premises is given, the persons who, on the termination of the life estate, are the heirs, or heirs of the body, of such tenant for life, shall take as purchasers, by virtue of the remainder so limited to them."

It is claimed by the moving parties that inconsistencies exist between the granting clause and a subsequent clause limiting the estate conveyed, but it is the rule that " if a deed contain a clause clearly showing the intention of the parties, ambiguities and inconsistencies in other clauses will not defeat such intention." (*Richards* v. *Crocker*, 49 N. Y. St. Repr. 242, 246; affd., 143 N. Y. 631.)

What then was the true intent and purpose of the parties to this conveyance at the time of its execution and delivery as to the interest of the parties in the property conveyed? There is nothing in the provisions of this instrument which is ambiguous or doubtful or of uncertain meaning. The language and intent are clear. In deeds as well as in wills if the intent of the grantor or testator, as the case may be, can be ascertained from the instrument itself, resort to arbitrary rules of construction is unnecessary. The intent is the primary question to which all other rules of construction are subordinate.

In *Fulton Trust Co.* v. *Phillips* (218 N. Y. 573) it is said: " Rules for the construction of wills are for the sole purpose of ascertaining the intention of the testator, and if the intention is clear and manifest it must control, regardless of all rules that have been formed for the purpose of determining their construction."

Even if it were not for these settled rules of construction of written instruments, the court is bound by the mandate of section 240, subdivision 3, of the Real Property Law, which provides: " Every *i*nstrument creating, transferring, assigning or surrendering an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law."

The rule laid down by this section applies equally to wills or grants. (*Heath* v. *Hewitt*, 49 Hun, 12; affd., 127 N. Y. 166.)

Taking into consideration this whole instrument of conveyance, as we must, it would be a perversion of language and an arbitrary

construction to hold that an absolute fee to the real property in question was vested in the daughter, Sarah A. Kimball. No matter what rules of construction may have been promulgated by the earlier cases as to an inconsistency existing in a deed between the granting clause and the habendum clause, to which the moving parties have referred in their briefs, such rules were never intended to thwart the intent and purpose of parties to a deed when their intent is clear and unmistakable. No matter in what part of a deed an apparent absolute estate is granted, clear and unequivocal language cutting down or limiting that estate incorporated in another part of the same deed cannot be ignored in giving the whole instrument proper construction. No extrinsic facts and circumstances bearing upon the grantor's intention not contained in the complaint are before the court. It is obvious from the unequivocal provisions of the deed itself that the grantor intended to convey to his daughter, Sarah A. Kimball, this real property during her natural life and that upon her death it should revert to her heirs at law.

" A reversion and a vested remainder in fee simple are, and always have been, convertible terms." (*Matter of Hansen,* 72 Misc. 610.)

The only reasonable construction of this deed is that it creates a life estate with remainder over to the heirs at law of the life tenant and these heirs at law under the statute take as purchasers; they take directly from the grantor, their identity to be determined upon the death of Sarah A. Kimball, and all of the heirs at law of this life tenant who answer that description are in the class intended by the grantor to take the property. Their rights are the same whether they take by gift or grant. (*Stack* v. *Leberman,* 169 App. Div. 92; *Matter of Fay,* 77 Misc. 514.)

The enjoyment of the fee in these heirs at law was postponed to the death of the life tenant, and upon the happening of that event it went to those who answered such description at that time. The death of the life tenant was the time fixed for the ascertainment of the class who were to take the property. (*Thornton* v. *White,* 186 App. Div. 566, 567.)

No language was used in the deed under consideration which made any distinction between the heirs at law on one side and the heirs at law on the other side. If this had been the intent of the grantor it would have been an easy matter to have expressed it. He did not do so. The cousins of Sarah A. Kimball on her mother's side are as much her heirs at law as are the cousins on her father's side. It is the heirs at law that are to be ascertained without distinction.

In accordance with the views herein expressed and for the purposes

of this motion, I hold that the complaint states a good cause of action and that the cousins of Sarah A. Kimball, both on the paternal and maternal side, are her heirs at law and as such they own as tenants in common the real property described in the complaint.

An effort was made by the moving parties upon the hearing of this motion to have a certified copy of the last will and testament of Stephen A. Kimball, which is probated in the Surrogate's Court of Albany county, considered by the court in connection with the deed under consideration, but no stipulation having been made to that effect the will has not been considered upon the determination of this motion.

The complaint states a cause of action and the motion is denied, with costs.