## In the Matter of the Construction of the Will of ORLO J. WEEKS, Deceased.

Surrogate's Court, Monroe County, October 27, 1950.

*Oswald P. Backus* and *Sidney K. Backus* for George W. Weeks, petitioner.

*Louis S. Pierce,* special guardian for Robert W. Egger and others, infants, and unknowns, respondents.

WITMER, S. Petitioner seeks a construction of testator's will which was admitted to probate in this court on June 19, 1902. He contends that an absolute fee in testator's real estate was devised to him by said will. The will was written in longhand, is poorly punctuated, and contains errors in spelling and in capitalization, and in one instance an obvious misnaming of petitioner. It contains *devises* of personalty and *bequests* of realty. It is apparent that the draftsman was unskilled for such task. In paragraph " Second " testator bequeathed his personalty to petitioner " and to his heirs. or assigns forever." Paragraph " Third " provides as follows: " I give. devise and bequeath all my real estate. to my said adopted son. George L. Whitbeck known as George W. Weeks. to have and to hold unto him my said adopted son George L. Whitbeck known as George W. Weeks during his Natural life time. after his death I direct that my real estate shall go to his heirs, both Natural, or adopted heirs and for them to have the said real estate unto themselves and their heirs and assignes forever." In paragraphs " Fourth ", " Fifth " and " Sixth " testator bequeathed sums totaling $700 to two persons and a charity and directed that petitioner pay the same " out of and from his share of my real and personal estate."

It appears that testator left insufficient personalty to pay his funeral expenses, and left the real estate in question, then valued at $5,000. Petitioner paid the $700 in legacies out of the income which he earned from the real estate.

Petitioner contends, first, that paragraph " Third " as a matter of law constitutes a devise in fee to him of the real estate, following the old rule in *Shelley's* case ( 1 Coke 104). The cases cited in support of this argument antedate the enactment of a statute now known as section 54 of the Real Property Law, which expressly provides that a testator may devise real estate to A for life with remainder to A's heirs, and that A's heirs take such remainder as purchasers. the reference to them not

being mere words of limitation. This statute abolished the rule in *Shelley's* case in the State of New York. (*Webb* v. *Sweet*, 187 N. Y. 172; *Thornton* v. *White*, 186 App. Div. 566.) Hence the devise of the real estate in this case amounted to a gift thereof to petitioner for life only and not in fee, unless the language used by the testator in the will as a whole, in the light of the surrounding facts, can be said to show that he intended petitioner to have the fee. Petitioner's second contention is that the language of the will does show that testator intended him to have the fee.

It is true that testator's will was poorly drafted; but that does not permit the court to change that which testator clearly expressed. Petitioner urges that he has the fee by implication and cites *Tator* v. *Tator* (4 Barb. 431) in support thereof. In that case, at page 438, the court said: " But a fee cannot be taken by implication, when the estate is particularly described in the will to be otherwise. (*Tanner* v. *Livingston*, 12 *Wend.* 83. *Fox* v. *Phelps*, 17 *Id.* 393, 400.) * * * I think there is nothing in this devise left to implication. The estate of the first taker is fully and particularly described."

In the second paragraph testator gave his personalty to petitioner absolutely. In contrast, in paragraph " Third " he gave his realty to petitioner for life with remainder to petitioner's heirs " both Natural, or adopted heirs and for them to have the said real estate unto themselves and their heirs and assignes forever." Under such circumstances we cannot hold that the testator did not intend to differentiate between the nature and extent of the two gifts. (*Moak* v. *Moak*, 8 App. Div. 197; *Matter of Southack*, 27 Misc. 613, affd. *sub nom. Matter of Central Trust Co.*, 48 App. Div. 223, affd. 163 N. Y. 602.) Moreover, in the three subsequent paragraphs he charged three legacies to petitioner's " share " of testator's real and personal estate. Since petitioner was given all of the personalty, the reference to his " share " in testator's property could be meaningful only if testator understood that petitioner was given less than all of the real estate.

The plan of the will seems to be that testator wanted petitioner to have the real estate for life only. The three legacies, aggregating $700, were made payable by petitioner in five equal annual installments. Apparently, testator realized that he had little personalty and that petitioner would have to pay the legacies out of annual earnings from the real estate. And it appears that petitioner did precisely that, thereby releasing his

life estate from the lien of the legacies as provided by testator. However ill-advised testator's disposition of his real estate may now appear to have been, the statutes expressly authorized him to make it. This court finds no basis for implying a devise of the fee to petitioner, and changing the will by construction.

The will is construed as granting a life estate to petitioner in said real estate with remainder to his heirs as purchasers.

Submit decree accordingly.